Requestor: Louis J. Viglotti, Esq., Village Attorney Village of Wappingers Falls 18 South Avenue Wappingers Falls, New York 12590
Written by: James D. Cole, Assistant Attorney General in Charge of opinions
You have asked that we review section 58(1-c) of the Civil Service Law to determine whether your village's police department continues to be covered by the exception included in that provision.
Subdivision 1-c of section 58 was added by chapter 840 of the Laws of 1985 which provided as follows:
 "l-c. Notwithstanding the provisions of any other section of law, general, special or local, any political subdivision maintaining a police department serving a population of one hundred fifty thousand or less and with the positions for more than four full-time police officers, shall maintain the office of chief of police.
 "§ 2. This act shall take effect immediately, but shall not apply to a political subdivision that, as of such effective date: (i) has established a police department, so long as the department established as of such effective date is continued; and (ii) has not established the office of chief of police".
According to your letter, at the time chapter 840 became effective, your village had a police department consisting of five full-time positions and did not have the office of chief of police. You have indicated that periodically, because of vacancies in positions, the actual staff levels of the village police department falls below five. Your question is whether, if staffing falls below five because of vacancies, the subsequent filling of vacancies to re-establish a five-member department brings the village's police department outside the exemption established by chapter 840 of the Laws of 1985.
In our view, the clear intent of chapter 840 was to grandfather police departments that had not established the office of chief of police as of its effective date and which continue in existence. Under this provision, if a police department qualifying for the exemption as of the effective date of chapter 840 were to be abolished and then re-established, it would have to comply with the requirement that it maintain the office of chief of police. Thus, we believe that so long as your village maintains its police department with an authorization for five positions without the office of chief of police it will continue to be covered by the exception. The reference in chapter 840 to "positions for more than four full-time police officers" is clearly a reference to authorized positions rather than filled positions. We note that in the event the authorized positions in your department are reduced to four or less, the department will no longer be subject to the requirement that it maintain the office of chief of police. Arguably, however, upon re-authorizing five or more positions the department would no longer be subject to the exception and would be required to maintain the office of chief of police.
We conclude that a village that had established a police department without the office of chief of police as of the effective date of chapter 840 of the Laws of 1985 is not required to establish the office of chief of police.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.